IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 3 0 2014

TIM RHODES
COURT CLERK

75_____

| | |
|---|---|
| CHRIS I. ROBISON,<br><br>　　　Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

CJ- 2014-4327

## PETITION
### First Cause of Action

COMES now the Plaintiff, Chris I. Robison and for her first cause of action for breach of Short Term Disability Insurance Policy, alleges and states:

1. That at all times herein pertinent the Plaintiff was insured as a beneficiary of a Group Short Term Disability Insurance Policy issued by Defendant Reliance Insurance Company, to her employer, SandRidge Energy, Inc,, being Policy No. STD-158778.

2. That said policy provides that Defendant will pay weekly income benefits if an insured is:

　　(1) Disabled due to sickness or injury; and

　　(2) becomes disabled while insured by the foregoing policy.

3. Disabled means the insured is:

　　(1) unable to do the material duties of her job; and

　　(2) not doing any work for payment; and

　　(3) under the regular care of a physician.


EXHIBIT 2

3. That the weekly benefit for short term disability under the policy is $525.00 per week for six months. That Plaintiff was disabled for six (6) months for which she is entitled to 26 weeks of disability payments for a total sum of $13,650.00.

4. That Defendant has breached the terms of the contract for short term disability insurance by denying her claim on March 13, 2014.

5. That as a result of Defendant's breach of said short term disability insurance contract, Plaintiff has suffered damages in the amount of $13,650.00.

6. Plaintiff filed claims for short term disability benefits, with the Defendant and has performed all of the conditions precedent under the aforesaid Short Term Disability insurance policy.

WHEREFORE Plaintiff asks judgment on her first cause of action in the amount of $13,650.00 and her costs, including a reasonable attorney fee.

## Second Cause of Action

7. For her second cause of action, Plaintiff re-alleges and restates the statements and allegations of her first cause of action and makes them a part of her second cause of action by reference thereto.

8. At all times herein pertinent, Plaintiff was an employee of SandRidge Energy, Inc. and was insured as a beneficiary by Defendant under its group Long Term Disability Insurance Policy, being policy number LTD 115067 issued by Defendant to SandRidge Energy, Inc. on behalf of its employees. Defendant is the Claims Review Fiduciary with respect to the insurance policy and the Plan and has discretionary authority to interpret the Plan and the insurance policy and to determine eligibility benefits.

9. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. This Court's jurisdiction is based on 29 U.S.C. § 1132(A)(1)(b) and (E)(1).

10. The LTD policy provides that the insurance company will pay monthly benefit if the insured:

> (1) is Totally Disabled as the result of a sickness or injury covered by the policy;
>
> (2) is under the regular care of a Physician;
>
> (3) has completed the Elimination Period; and
>
> (4) submits satisfactory proof of total disability to the insurance company.

11. The Plaintiff has been totally disabled and unable to carry on substantial gainful employment since April 5, 2009.

12. Plaintiff filed claims for long term disability under the said policy, with the Defendant and has performed all of the conditions precedent under the aforesaid group Long Term Disability Contract.

13. Defendant denied said long term disability benefits for which claim was made on March 13, 2014.

14. In denying and refusing to pay said long term disability claim, Defendant has acted arbitrary and capricious and has violated the prudent man standards set forth in Title 29 U.S.C. §§ 1104 and 1105.

15. That as a result of the wrongful, arbitrary and capricious acts of the Defendants, Plaintiff has been damaged in excess of the sum of $10,000.00, and court costs.

WHEREFORE, upon a trial of this cause, Plaintiff asks for judgment in a sum in excess

of $10,000.00 accrued damages and accruing damages, and her costs, including a reasonable attorney fee, and such other relief the Court deems proper.

*[signature: Rex D. Brooks]*

REX D. BROOKS                    OBA No. 1165
Attorney for Plaintiff
1904 NW 23rd Street
Oklahoma City, OK 73106
Telephone: (405) 525-2200
Facsimile: (405) 525-2214
brookslaw@coxinet.net

Attorney's Lien Claimed.