# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS I. ROBISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-14-1262-D |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## O R D E R

Before the Court is Plaintiff's Motion to Remand First Cause of Action and Brief in Support [Doc. No. 8]. Also before the Court is Defendant's Motion to Set Aside Default Judgment and Brief in Support [Doc. No. 9]. These matters are fully briefed and ready for decision.

### I. Procedural History

On November 12, 2014, Defendant removed this action to federal court invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In support, Defendant relied on Plaintiff's claim alleging a denial of benefits under an ERISA[1]-covered employee group long-term disability insurance policy. *See* Notice of Removal [Doc. No. 1], ¶ 4.

Plaintiff's state court petition identifies two causes of action: (1) breach of a short-term disability insurance policy; and (2) breach of long-term disability insurance policy. Plaintiff concedes the second cause of action arises under federal law but contends the first cause of action arises under state law.

On the same day that Defendant removed this action, the state court entered a default judgment in favor of Plaintiff and against Defendant. As to the first cause of action, the state court

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

awarded damages in the sum of $13,650.00 and costs. *See* Journal Entry of Default Judgment [Doc. No. 8-2]. The state court further entered default judgment in favor of Plaintiff and against Defendant on the second cause of action, but because the amount of damages was not specifically pled, reserved its ruling as to that issue. *See id*.

Plaintiff now seeks to remand to state court only the first cause of action and contends the two causes of action are "separate and independent of each other." *See* Plaintiff's Motion at p. 1. As to the first cause of action, Plaintiff states there is diversity of citizenship, but the amount in controversy "does not meet the $75,000.00 threshold" and, therefore, the Court only has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1441(c). *See id*. at p. 2. Plaintiff further contends that because a judgment has been entered by the state court as to the first cause of action, it is not removable.

In response, Defendant contends both disability policies are governed by ERISA and, therefore, federal question jurisdiction exists as to both causes of action. Defendant further contends the state court judgment should be set aside and because no final judgment has been entered by the state court, the case was properly removed.

## II. Discussion

### A. Plaintiff's Motion for Remand

Plaintiff moves for remand pursuant to 28 U.S.C. §1441(c) which provides:

> **Removal of Civil Actions**
>
> \* \* \*
>
> (c) **Joinder of Federal law claims and State law claims.**—(1) If a civil action includes—

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim *not within the original or supplemental jurisdiction of the district court* or a claim that has been made nonremovable by statute, *the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).*
>
> (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed*. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).

In moving for remand, Plaintiff appears to acknowledge that supplemental jurisdiction exists over Plaintiff's first cause of action. If supplemental jurisdiction exists, then remand is not required.

Supplemental jurisdiction exists where the claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(c). Here, Plaintiff concedes that the two causes of action "have common questions of fact in that the disability arose out of the same incident, a motor vehicle collision in which Plaintiff was severely injured." *See* Plaintiff's Motion, ¶ 1. Moreover, she seeks to recover short term and long-term disability from insurance policies issued by Defendant to Plaintiff through her employer, Sandridge Energy, Inc. Under these circumstances, Plaintiff's first cause of action forms part of the same case or contoversy as her second cause of action and the Court has supplemental jurisdiction over the claim. *See, e.g., Bivins v. Glanz*, No. 12-CV-103-TCK-FHM, 2012 WL 3136115 at * 2 (N.D. Okla. Aug. 1, 2012) (unpublished op.) (under § 1441(c) court was required to retain ADA and § 1983 claims because they fell within court's original jurisdiction

and court was further required to retain intentional infliction of emotional distress claim because it formed part of the same case or controversy as the federal claims and was within the supplemental jurisdiction of the court pursuant to 28 U.S.C. § 1367(a)).[2]

The record before the Court is insufficiently developed to determine whether the short-term disability claim is or is not governed by ERISA. The Court, however, need not resolve that issue based on the determination that supplemental jurisdiction exists over the first cause of action even if it is not governed by ERISA.

The Court also rejects Plaintiff's contention that the state court action was not removable because a default judgment had been entered. The record shows that the state court judgment was entered on the same date that this action was removed – November 12, 2014. Although Plaintiff contends the judgment was entered one day prior, on November 11, 2014, as Defendant points out, the court was closed on that day as it was a legal holiday. The docket in the state court action clearly shows that the judgment was entered on November 12, 2014.[3] That same docket also reflects the notice of removal was filed in state court on November 12, 2014. And the Court's own docket reflects the notice of removal was also filed in this Court on November 12, 2014. It appears under

---

[2]As the court noted in *Bivins*, "[e]ffective January 6, 2012, the federal removal statutes were amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011." *Id*. at *1. "Under the amendment, the Court has no discretion to remand federal claims that are joined with a statutorily nonremovable claim, such as a workers' compensation retaliation claim. Instead, the Court must sever and remand the nonremovable claim *and retain all other removed claims that are within the Court's original or supplemental jurisdiction*." *Id*. at *2 (emphasis added).

[3]Plaintiff claims the judge signed the order on November 11, 2014 (a legal holiday) and therefore the judgment was entered on that date. However, under Oklahoma law, a judgment is not enforceable "until it is signed by the court *and filed*. . . ." Okla. Stat. tit. 12, § 696.2(E) (emphasis added). *See also id.*, Oklahoma Comments ("Section 696.2(D) states as a general rule that judgments, decrees or appealable orders are not effective until they are signed by the court and filed. . . .").

4

these facts, that at the time the notice of removal was filed the state and federal court had concurrent jurisdiction. *Compare Burroughs v. Palumbo*, 871 F. Supp. 870, 871 (E.D. Va. 1994) (finding concurrent jurisdiction existed where after removal, but before defendant gave notice of the removal, the state court entered default judgment).

Moreover, it is well-established that a federal court "may reconsider a default judgment entered by the state court prior to the removal, if the removal notice has been filed within the time period specified in the removal statute." 14C Charles Alan Wright & Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, *Federal Practice and Procedure*, § 3738 (4th ed. 2009). *See also Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226-29 (D. N.M. 2012) (denying remand to state court and setting aside state court entry of default judgment on grounds personal jurisdiction was lacking over defendants who had not been properly served); *Cox v. Sprung's Transport & Movers, Ltd.*, 407 F. Supp. 2d 754, 757 (D. S.C. 2006) (recognizing that "a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court") (citations omitted). Additionally, the Tenth Circuit has recognized that "[s]everal courts have implicitly approved of removal after a state court has entered a default judgment." *Jenkins MTGLQ Investors*, 218 Fed. Appx. 719, (10th Cir. 2007) (citing cases). Accordingly, removal of this action is proper under the circumstances presented and Plaintiff's motion to remand is denied.

**B.      Defendant's Motion to Set Aside Default Judgment**

In *Jenkins*, the Tenth Circuit held that a district court may reconsider or set aside a state default judgment when the case is removed to federal court. *Id*. at 724. The well-established rule is that "[a]fter removal, a federal court treats the state court orders as its own." *Sawyer*, 839 F. Supp. 2d at 1215. *See also Stockton v. Canada Life Assur. Co.*, No. 08–3016, 2008 WL 3925159,

5

at *4 (C.D.Ill. Aug. 20, 2008) (unpublished op.) ("After the state court's jurisdiction ends, the federal court must treat any judgment entered before the state court received notice [of removal] as if it [the federal court] had entered the judgment").

Rule 60(b) of the Federal Rules of Civil Procedure governs Defendant's request to set aside the default judgment. Defendant contends it did not receive notice and therefore, the entry of the default judgment violates due process. Additionally, Defendant moves for the state court default judgment to be set aside under the circumstances of this case including, lack of notice, mistake, inadvertence, surprise or excusable neglect and misconduct by the opposing party. *See* Fed. R. Civ. P. 60(b)(1) and (6).

The record demonstrates that Plaintiff served the Oklahoma Insurance Commissioner, the authorized statutory agent, on October 16, 2014. Under Oklahoma law, the Commissioner "[u]pon receiving service" must "promptly forward a copy thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same." Okla. Stat. tit. 36, § 621(C). The record reflects that on October 17, 2014, the Commissioner forwarded the summons and petition to Defendant. *See* Correspondence [Doc. No. 9-1]. Process served upon the [Commissioner] and copy thereof forwarded . . . shall constitute service upon the insurer." *Id*., § 622(B). Defendant's answer was due twenty days later, or by November 6, 2014.

Defendant states that it diligently worked to retain Oklahoma counsel, but did not obtain counsel until November 7, 2014 – one day after its answer was due. On that same date, Defendant's counsel attempted to contact Plaintiff's counsel by phone and email to request an extension of time within which to respond or answer the petition. Within two business days thereafter, two events, outlined in detail above, occurred. Plaintiff obtained a default judgment, without notice to

6

Defendant and simultaneously Defendant's counsel removed this action to federal court.

The Court finds these circumstances warrant granting Defendant's requested relief. In so finding, the Court shares the sentiments expressed in *First Interstate Bank of Oklahoma, N.A. v. Service Stores of America*, 128 F.R.D. 679, 680-81 (W.D. Okla. 1987) regarding the actions taken by Plaintiff's counsel:

> Snapping up a judgment . . . is a practice widely condemned by this and other Courts. Resisting a motion to vacate, where entry of default was secured without notice to opposing counsel on the first day after the time to answer had lapsed, is in the Court's view a practice inconsistent with the standards of professionalism which this Court desires and expects to be observed on the part of its officers in the bar. Conduct of this nature only reinforces stereotypical attitudes about the lawyer who plays 'hardball' at any cost, and does precious little to promote the interests of the clients or integrity of the profession he has sworn to serve. This Court will not tolerate such conduct.

*Id*. at 680-81. Although the court there addressed entry of default under Fed. R. Civ. P. 55(c), the sentiments expressed apply with equal force here.

"A Rule 60(b) motion gives the district court a grand reservoir of equitable power to do justice in a particular case." *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996). Three requirements must be met when setting aside a default judgment: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *Id*.

Here, all three requirements are satisfied. Upon receiving notice of the petition, Defendant diligently attempted to obtain counsel and once counsel was retained, Plaintiff's counsel was promptly notified. All of this took place within two days of the date on which Defendant's answer was otherwise due. Thus, Defendant's own culpable conduct did not cause the default. Second,

Defendant has identified potentially meritorious defenses to Plaintiff's claims. *See* Defendant's Motion at p. 6 (identifying the following defenses: ERISA preemption; failure to submit a satisfactory proof of disability; untimely submission of proof of loss; and failure to file suit within the contractual limitations period). Finally, Plaintiff will not be prejudiced by the setting aside of the default judgment. Indeed, Plaintiff identifies no specific prejudice. It appears, instead, that Plaintiff's counsel has been fueled in the hurried quest for entry of default judgment by anger. Counsel states that he is really angered at Defendant because he attempted to set up mediation only to discover Defendant was not interested in mediation. Plaintiff's counsel readily admits that he "is still angry with the Defendant" over this matter. *See* Plaintiff's Response at p. 9. This is just the kind of behavior addressed and admonished in *First Interstate*. Finally, the Court is cognizant of the long-standing rule that disposition of any case on the merits is preferred. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir.1988) (noting that "default judgments are not favored by courts"). For all these reasons, relief from the state court default judgment is warranted pursuant to Fed. R. Civ. P. 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand First Cause of Action and Brief in Support [Doc. No. 8] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Set Aside Default Judgment and Brief in Support [Doc. No. 9], construed as a motion brought pursuant to Fed. R. Civ. P. 60(b), is GRANTED. The default judgment entered by the state court on November 12, 2014 is VACATED.

IT IS SO ORDERED this  4th  day of July, 2015.

*[signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE